UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SWANN E. COXEN | CIVIL ACTION |
| VERSUS | NO: 23-653 |
| RPC PATTERSON TUBULAR SERVICES | SECTION: T (4) |

## ORDER

Before the Court is a Motion to Compel Arbitration under the Federal Arbitration Act ("FAA") filed by Defendant Cudd Pumping Services, Inc., incorrectly named as RPC Patterson Tubular Services, d/b/a Patterson Tubular, (R. Doc. 6), who moves the Court for an order: (1) compelling Plaintiff Swann Coxen to arbitrate her claims; and (2) staying these proceedings pending arbitration or, alternatively, dismissing these proceedings in favor of arbitration. Plaintiff, who is *pro se*, has not filed a response within the time allowed, so the motion is deemed to be unopposed. Defendant claims a binding arbitration agreement signed by Plaintiff mandates arbitration of her employment discrimination claims.

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for improper venue. Fed. R. Civ. P. 12(b)(3). The Fifth Circuit has held that a motion to dismiss based on an arbitration or forum selection clause is proper under Fed. R. Civ. P. 12(b)(3). *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 902 (5th Cir. 2005). Under Rule 12(b)(3), the court is permitted to look at evidence in the record beyond simply the facts alleged in the complaint and its attachments. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009). The court "must

1

accept as true all allegations in the complaint and resolve all conflicts in favor of plaintiff." *Sinners and Saints, L.L.C. v. Noire Blanc Films, L.L.C.*, 937 F. Supp. 2d 835, 845 (E.D. La. 2013) (*quoting Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 Fed. App'x 612, 615 (5th Cir. 2007)).

In determining whether the parties agreed to arbitrate this dispute, the Court must consider: '(1) is there a valid agreement to arbitrate the claims and (2) does the dispute in question fall within the scope of that arbitration agreement?'" *Klein v. Nabors Drilling USA L.P.*, 710 F.3d 234, 236 (5th Cir. 2013) (quoting *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 381 (5th Cir.2008)). "When deciding whether the parties agreed to arbitrate the dispute in question, 'courts generally ... should apply ordinary state-law principles that govern the formation of contracts.' In applying state law, however, 'due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration.'" *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257–58 (5th Cir.1996) (omitting citations).

Plaintiff has brought employment discrimination claims under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. R. Doc. 1. Plaintiff filed a charge with the Equal Employment Opportunity Commission in November of 2021 and received her notice of right to sue on November 22, 2022. Defendant has produced a signed arbitration agreement between Plaintiff and Defendant agreeing to arbitrate all employment-related claims, including the precise claims asserted in this matter. R. Doc. 6-2. It appears the Motion to Compel Arbitration of Plaintiff's employment-related claims is well founded in Louisiana and this district. *See Rogers v. Kentucky Fried Chicken of California, Inc.*, 986 F.Supp 354 (M.D. La. 1997);

2

*Stadtlander v. Ryan's Family Steakhouses, Inc.*, 34,384 (La. App. 2 Cir. 4/4/01), 794 So.2d 881; *see also Sherman v. RK Restaurants Holdings, Inc.*, 2014 WL 4540023 (E.D. La. 2014). Because the arbitration agreement is both binding and applies to all asserted claims, the Court will grant the Motion to Compel Arbitration. Accordingly,

**IT IS ORDERED** that the Motion to Compel Arbitration (R. Doc. 6) is GRANTED and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE

New Orleans, Louisiana, this 23rd day of June 2023.

*[signature]*
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE